## IN RE BOARD OF CAPITOL COMMISSIONERS.

TERM OF OFFICE.

The term of office of the board of capitol commissioners, as fixed by statute, continues until the full acceptance of the building by the state, unless otherwise provided by the legislature.

THE opinion is in response to the following communication and interrogatory from the governor:

To the Honorable, the Judiciary of the Supreme Court.    Question submitted.

At a meeting of the board of capitol managers, held at the office of said board, on the 16th day of January, 1893, at which there were present Governor Davis H. Waite, chairman, Job A. Cooper, Otto Mears, Perry F. Crowell and Charles J. Hughes, Jr., members of said board; on motion of Hon. Job A. Cooper the governor was requested to submit to the supreme court the question, as to whether or not the term of office of the said board expired January 1, 1893. This question arises as follows:

By act of the legislature, approved April 1, 1885, a board of capitol managers was created, consisting of five members, whose term of office was six years, and whose compensation was five dollars per day and traveling expenses, when actually employed.

By act of the legislature, approved April 1, 1889, the former act was repealed and a new board of capitol managers created, to consist of the governor of the state as chairman, and four members, with a salary for each member, except the

governor, of $2,500 per annum.  The term of office as fixed in said law was " until the entire completion and furnishing of said capitol building, and the full acceptance of the same by the state of Colorado."

The same act above quoted, commencing on page 360, Laws of 1889, sec. 9, reads as follows :

" Sec. 9. Said board of capitol managers shall divide the cost of labor and expenditure for the erection, completion and furnishing of said capitol building, so that there shall not be expended in any one year an amount in excess of the appropriation for that year, and the entire construction and furnishing of said capitol building shall be completed by the first day of January, A. D. 1893."

In another act, approved April 6, 1889, " relating to the construction of the state capitol building and appropriating funds therefor," sec. 1, providing for the use of granite instead of sandstone and hard wood instead of soft wood, closes with the following proviso :

" Provided, The board of capitol managers are unable to complete and finish said capitol building as herein provided, for less cost, and the time within which said building is to be completed is extended to January 1, A. D. 1893."

The words, " until the entire completion and furnishing of said capitol building and the full acceptance of the same by the state of Colorado," if they stood by themselves and were not otherwise alluded to or limited, might well be supposed to establish an indefinite term of office, to be concluded only by the completion of the capitol building at some future time, no matter how distant ; but when in the same act it is provided that " the entire construction and furnishing of said capitol building shall be completed by the first day of January, A. D. 1893," it would seem that notwithstanding the language first used in the act might be said to establish an indefinite term, the legislature had in their minds a definite limitation of that term, which they expressed in sec. 9, above quoted.   Again, the same legislative body, only six days

later, passed another act in which they again limited the time for the completion of said capitol building to January 1, 1893.

The language of the acts of the legislature which has been referred to has created a doubt in the mind of the present executive of the state as to whether or not the term of the present board of capitol managers (of which he is *ex officio* a member) did not terminate on the 1st day of January, 1893. I certify, therefore, that the question hereinbefore submitted is important, and arises upon a solemn occasion, wherein the executive of this state requires the opinion of the supreme court, in order to properly discharge his duties.

Most respectfully submitted,

DAVIS H. WAITE,

Governor.

PER CURIAM. Upon a full and careful examination of the statutes to which our attention is called, touching the duties and office of the Board of Capitol Commissioners, we are clearly of the opinion that the term of office of the present board, as fixed and limited by sec. 1, Session Laws of 1889, page 360, continues not only until the entire completion and furnishing of the capitol building, but until the full acceptance of the same by the state. That the language of sec. 9 of the same act, specifying the time for the completion and furnishing of said building, was not intended by the legislature to limit such tenure; said act, in so far as it relates to the time of completion, being directory merely.

A reference to pass legislation in relation to the same subject shows, by the language used in sec. 1 aforesaid, the manifest intent of the legislature to continue the board in office until the structure is actually completed and accepted. Such construction is consistent with the purpose for which the board was established and the duties it is to perform. Therefore, the term of the present board did not terminate on the first day of January, 1893, but will continue until the happening of the event contemplated, to wit: " The full acceptance of the building by the state; " unless the legislature shall otherwise provide.